<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YISROEL KOLODNY**<br><br>      **Plaintiff,**<br><br>v.<br><br>**DWAYNE TAYLOR,** *et al.*,<br><br>      **Defendants.** | Civil Action No. 11-1797 (DMC)<br><br><u>**REPORT AND RECOMMENDATION**</u> |

**<u>FALK, U.S.M.J.</u>**

  This matter comes before the Court *sua sponte* upon Plaintiff's failure to comply with a court order and to prosecute the case. For the reasons that follow, it is respectfully recommended that the case be dismissed with prejudice.

<u>BACKGROUND</u>

  Plaintiff, Yisorel Kolodny ("Plaintiff"), commenced this action on February 14, 2011, against Dwayne Taylor ("Taylor") and Medro Enterprises, LLC (collectively, "Defendants"). Plaintiff alleges that he was injured in a motor vehicle accident caused by the Defendants on February 16, 2009, while traveling on McCarter Highway in Newark, New Jersey. <u>See</u> Compl. ¶¶ 1-5.

  On July 27, 2011, Plaintiff's counsel, Brian W. Banasiak of Steven P. Haddad, P.C., filed a motion to be relieved as counsel. <u>See</u> CM/ECF No. 6. In a Certification accompanying the motion, Mr. Banasiak stated that, since commencement of the case, Plaintiff has failed to return any telephone calls or respond to any correspondence. Mr. Banasiak further stated that due to lack of communication from Plaintiff, he could no longer continue Plaintiff's case. By Order

dated August 15, 2011, an in-person conference and oral argument regarding counsel's motion was scheduled for September 9, 2011.  Pursuant to the Order, Plaintiff was directed to attend the conference and advised that his failure to comply would result in the imposition of sanctions, including dismissal of his Complaint with prejudice. See CM/ECF No. 8. On August 18, 2011, Mr. Banasiak sent Plaintiff a letter apprising him of the in-person conference and oral argument. See id. Defendants did not file opposition to the motion.

On September 9, 2011, Plaintiff failed to appear for the in-person conference and oral argument.  The Court issued an Order granting Mr. Benasiak leave to withdraw, noting that Plaintiff's failure to appear, coupled with Mr. Benasiak's statements that Plaintiff discontinued communication, evinced a breakdown in the attorney-client relationship and suggested that Plaintiff may have abandoned his case. See CM/ECF No. 9.  To date, Plaintiff has not responded in any way.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. See Fed. R. Civ. P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. Id. The Court uses its sound discretion in deciding what sanctions to impose. See Bowers v. Nat'l Coll. Athletic Assoc., 475 F.3d 524, 538 (3d Cir. 2007) (citing Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639 (1976) (per curiam)).

In Poulis v. State Farm & Casualty Co., the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. Although this Court is generally required to engage in a full analysis of the Poulis factors, in cases where a party willfully abandons his case, or makes adjudication of a matter impossible, Poulis balancing

is unnecessary. See, e.g., Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994) (party abandons her case); Seberell ex rel. Seberell v. Philadelphia Police Dept., 159 Fed. Appx. 371, 373-74 (3d Cir. 2005) (party's conduct makes adjudication impossible). Nevertheless, in an abundance of caution, this Court will apply the Poulis test to this case.

The Poulis factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). No single Poulis factor is determinative and dismissal may be appropriate even if some of the factors are not met. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under Poulis, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). See Iseley v. Bitner, 216 Fed. App'x 252, 254-55 (3d Cir. 2007) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

**1. Plaintiff's Personal Responsibility**. In this case, it appears that Plaintiff is solely responsible for his failure to maintain communications with his attorney and the Court, despite his former counsel's efforts to do so by phone and correspondence. Plaintiff violated a court order and personally failed to attend a mandatory in-person conference and to prosecute his case, making progress on this matter impossible.

**2. Prejudice to Defendants**. Plaintiff's refusal to advance his own case and to comply with a court order has caused genuine injustice to Defendants. Plaintiff's refusal to communicate with his attorney, while stringing along the Defendants by forcing them to bear the continued

3

costs of litigation unfairly prejudices their interests. Since prejudice need not be "irreparable" to be considered, Plaintiff's continued inaction supports dismissal. See Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir. 2008) (citing Adams v. Tr. of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873 - 74 (3d Cir. 1994)).

      **3. History of Dilatoriness**. Plaintiff has a history of dilatoriness. For example, by letter dated July 12, 2011, Mr. Banasiak requested that Plaintiff immediately return his telephone calls to discuss the status of the case, however, Plaintiff failed to do so. See CM/ECF No.6. Equally telling is Plaintiff's failure to respond to his counsel's motion to withdraw or the Court's order to appear for an in-person conference, despite notification that failure to do so could result in dismissal. Plaintiff's repeated refusals to acknowledge counsel's attempts to advance the case satisfy a finding of dilatory behavior.

      **4. Willfulness or Bad Faith**. The Court cannot conclude that Plaintiff has proceeded in bad faith. However, Plaintiff's conduct has been willful. Plaintiff's failure to communicate with his attorney and to appear for an in-person conference in direct contrivance of a court order must be construed as willful. These circumstances suggest that Plaintiff has abandoned his case and further support dismissal as the appropriate remedy.

      **5. Effectiveness of Alternative Sanctions**. The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous chances, Plaintiff has failed to participate in and prosecute his case. On these facts, no lesser sanction would be effective.

      **6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of Plaintiff's claim. However, the Court notes that Mr. Banasiak stated his firm could no longer continue as Plaintiff's attorney due to lack of communication from its client, further frustrating any opportunity to prosecute the case.

In sum, Plaintiff's discontinued communication with his attorney and disregard of a court order, exhibit an intention to abandon his case altogether and further support a dismissal with prejudice. Plaintiff's conduct has made adjudication of this case impossible. See Mindek, 964 F.2d at 1373 ("[J]udges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice."). Consideration of the Poulis factors strongly weighs in favor of dismissal of the case with prejudice.

## CONCLUSION

For the above stated reasons, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice.

/s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**Dated: September 20, 2011**